By the Court:
The court below properly held that the filing of the bill in equity, taken with the interviews previously had between tbe parties and their attorneys, was a sufficient demand. But even if that were doubtful, we are of opinion that no proof of a demand was necessary. The original practice in detinue was to issue a proecipe commanding the delivery of the property to the plaintiff, after which the summons was issued, hence, as the serving of the proecipe was of itself a demand, no proof of a demand in pais was required on the trial. But, now in many jurisdictions, including this, the issuing of the proecipe has been dispensed with, and the suit is commenced by summons, although the rule of evidence as to proof of a demand in pais remains the same. So that practically the serving of the summons, has with us come to be regarded as a sufficient demand.
It is contended; however, that if this action may be brought without a previous demand, then, as it might have been brought the very next day after the bailment, the Statute of Limitations must begin to run from that day, and, inasmuch, as more than three years had elapsed be *581 fore the instution of suit, the action is barred. But a well-settled rule governing the application of the Statute- of Limitations is that it does not begin to'run until there is an adverse claim on the part of the defendant. Applying that rule to the case of one who receives a deposit as bailee, it is plain that his original possession is not adverse, and, of course, so long as it remains so the statute will not run in his favor. It is only from the time he sets up an adverse claim to the property that the statute is put .in operation and begins to run. As the plea of limitations was really the only question in the -case, we affirm the judgment.